UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

LYONE WILLIAMS,            )
                           )
                           )
   Plaintiff,              )
                           )
   v.                      )     16-CV-4140
                           )
HILL CORRECTIONAL CENTER,  )
WARDEN STEPHANIE DORETHY,  )
and the ILLINOIS DEPARTMENT)
OF CORRECTIONS,            )
et al.                     )
                           )
   Defendants.             )

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from Hill Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

    Plaintiff alleges that his cellmate was very ill for months with heavy breathing, chest pains, incontinence, headaches, and pain and suffering that Plaintiff had to witness and endure. Medical staff allegedly did not provide Plaintiff's cellmate with any treatment or relief, instead sending the cellmate back to Plaintiff's cell each time the cellmate would pass out or be rushed to the health care unit for a medical emergency. On December 10, 2015, Plaintiff returned to his cell from school to discover a "deaficated [sic] smell" and his cellmate dead. Plaintiff was put in segregation pending an investigation into the death, even though prison officials allegedly knew that the cellmate had died from Plaintiff's medical condition, not from anything Plaintiff had done. The incident has left such a mark that Plaintiff is allegedly traumatized, having anxiety attaches and hallucinations. He seeks damages, a transfer to a minimum security prison, and the resumption of his mental health medications.

Plaintiff asserts an Eighth Amendment claim for cruel and unusual punishment in his complaint, but that claim requires Defendants to have a "'sufficiently culpable state of mind.'" Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)(*quoting* Farmer v. Brennan, 511 U.S. 825, 834 (1970)(other quoted cite omitted)). Defendants must have personally known that Plaintiff was at substantial risk of serious mental harm from being placed in a cell with an ill inmate.  *See* id. (deliberate indifference arises if a defendant knew of a substantial risk of serious harm and disregarded the risk).  The warden is the only individual defendant named, and Plaintiff makes no allegations that Plaintiff alerted the Warden or anyone else to his difficulty coping with the situation. The medical staff may have been deliberately different to the *cellmate's* serious medical needs, but Plaintiff cannot pursue claims on the cellmate's behalf.  Plaintiff appears to assert a state law claim for bystander emotional distress, but the possibility of a state law claim would not confer federal jurisdiction.[2]

Plaintiff also asserts that his placement in segregation pending an investigation was cruel and unusual punishment, but short term

---

[2] The Court further notes that Plaintiff's grievance about this issue appears untimely because the grievance was not filed until May 2016, more than 60 days after Plaintiff's cellmate died.  20 Ill.Admin.Code 504.810(a).

segregation does not violate the Constitution unless the conditions in segregation were an "atypical and significant hardship" as compared to ordinary prison life. Sandin v. Conner, 515 U.S. 472, 487 (1995). No plausible inference arises on the current allegations that Plaintiff's segregation was prolonged or atypical.

In sum, no federal claim is stated on the present allegations. However, Plaintiff will be given an opportunity to file an amended complaint. Plaintiff may be able to state an Eighth Amendment claim for deliberate indifference to his serious mental health needs if he is being denied necessary mental health treatment. Generally, the Warden would not be the correct defendant on this kind of claim because the Warden is entitled to rely on the professional expertise of mental health professionals. See Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts… a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). If Plaintiff is being denied mental health treatment, he must name as defendants the individuals who personally denied him that treatment.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a federal claim pursuant to 28 U.S.C. § 1915A.

2) Plaintiff may file an amended complaint by September 30, 2016. If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g). If Plaintiff files an amended complaint, the amended complaint will completely replace the original complaint. Piecemeal amendments are not permitted.

ENTERED: 9/12/2016

FOR THE COURT:

         **s/Joe Billy McDade**
         JOE BILLY MCDADE
         UNITED STATES DISTRICT JUDGE