UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LYONNE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   16-CV-4140 |
| | ) |
| HILL CORRECTIONAL CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION ON AMENDED COMPLAINT**

Plaintiff filed this case pro se from Hill Correctional Center. On September 12, 2016, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint. The Court assumes familiarity with that Order.

Plaintiff has filed his amended complaint, but the Court will first address Plaintiff's motion for appointed counsel (5). Plaintiff has not demonstrated that he has made reasonable efforts to obtain counsel on his own, which is a prerequisite to considering the merits of the motion. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). However, the Court notes that Plaintiff also appears competent to proceed pro se in light of the nature of his claims.

Pruitt, 503 F.3d at 654-55 (7th Cir. 2007). He has adequately explained what happened and why he thinks Defendants should be liable.

The Court has reviewed the amended complaint, which makes the same allegations as the original complaint. Plaintiff names different defendants—defendants with medical training—but he still alleges that the defendants did not provide his ill cellmate with medical treatment. The cellmate died in the cell, and Plaintiff discovered the dead body when he entered the cell. Plaintiff was put in segregation pending an investigation, even though prison officials allegedly knew that Plaintiff had nothing to do with his cellmate's death. Plaintiff alleges that he remains traumatized, suffering anxiety attacks and hallucinations.

The Court acknowledges that this was traumatic for Plaintiff, but still no plausible inference of deliberate indifference arises against any defendants. No plausible inference arises that any of the defendants were aware of a substantial risk of harm to Plaintiff's mental health or that they ignored such a risk. As explained in the prior order, the medical staff may have been deliberately different to the *cellmate's* medical needs, but Plaintiff

cannot pursue claims on the cellmate's behalf. Nor do Plaintiff's allegations suggest that he is currently being denied necessary mental health treatment or that he was denied mental health treatment after the incident.

In sum, Plaintiff still does not state a federal claim for relief. Accordingly, this case will be dismissed pursuant to 28 U.S.C. § 1915A.

**IT IS ORDERED:**

1) Plaintiff's motion for appointed counsel is denied (5).

2) Plaintiff's motion for leave to proceed in forma pauperis is denied as unnecessary (10). Plaintiff is already proceeding in forma pauperis.

3) Plaintiff's motion for leave to file an amended complaint is granted (11).

4) Plaintiff's amended complaint fails to state a federal claim. Accordingly, this action is dismissed for failure to state a claim and a strike is assessed against Plaintiff pursuant to 28 U.S.C. 1915(g).

5)   Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

6)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

7)   **The clerk is directed to separately docket the amended complaint.**

8)   **The clerk is directed to record Plaintiff's strike in the three-strike log.**

9)   **The clerk is directed to enter judgment.**

ENTERED: 12/23/2016

FOR THE COURT:

                                         **s/Joe Billy McDade**
                                         JOE BILLY MCDADE
                                         UNITED STATES DISTRICT JUDGE